NEVADA POWER COMPANY, Appellant, *v.* PUBLIC SERVICE COMMISSION OF NEVADA; DESIGNATED PARTIES OF RECORD IN DOCKET NOS. 83-707 and 83-667 BEFORE THE PUBLIC SERVICE COMMISSION OF NEVADA; and THE ATTORNEY GENERAL'S OFFICE OF ADVOCATE FOR CUSTOMERS OF PUBLIC UTILITIES, Respondents.

No. 18423

September 18, 1989                    779 P.2d 531

*Beckley, Singleton, DeLanoy, Jemison & List,* Las Vegas; and *Allison, MacKenzie, Hartman, Soumbeniotis & Russell,* Carson City, for Appellant.

*William H. Kockenmeister,* Carson City, for Public Service Commission.

*Jon Wellinghoff* and *Elizabeth Elliott,* Reno, for The Attorney General's Office of Advocate for Customers of Public Utilities.

# OPINION

*Per Curiam:*

In this case, Nevada Power Company appeals a decision of the Public Service Commission (PSC). Nevada Power applied to the PSC for a rate increase. The PSC granted Nevada Power a lesser rate increase than requested in part because it ruled that shareholders and ratepayers should share the capital gain from the sale of land and Nevada Power's headquarters. The PSC noted that conflicting methods of distributing such gain existed, but determined that the gain should be equitably divided between shareholders and ratepayers.

The only testimony regarding how the gain could be equitably distributed between shareholders and ratepayers came from three expert witnesses. Each expert testified that the gain should be distributed to the ratepayers in the form of lower rates. Mr. Skirpan recommended that the gain be distributed within a year. Mr. Romero and Mr. Frerichs recommended that the gain be distributed over a three-year period. These experts determined that Nevada Power and its shareholders would benefit from the use of the money, while ratepayers would benefit in receiving lower rates. The PSC concluded that a three-year amortization of the gain would be an equitable distribution in this case. The district court denied Nevada Power's petition for judicial review. This appeal followed.

On appeal, Nevada Power contends that PSC erred in failing to recognize and apply the correct rule to determine how the gain realized upon the sale of real property should be treated. Specifically, Nevada Power contends that the single governing rule in such cases is that the benefit of capital gain follows the risk of capital loss. We disagree.

This court will not interfere with PSC decisions other than to keep them within the framework of the law. *See* PSC v. Continental Tel. Co., 94 Nev. 345, 580 P.2d 467 (1978). No single rule exists to determine how capital gains derived from the sale of real property should be treated for rate-making purposes. *See* Democratic Central Committee v. Washington Metropolitan Area Transit Commission, 485 F.2d 786 (D.C.Cir. 1973), *reh. den., cert. den. sub. nom.* D.C. Transit System, Inc. v. Democratic Central Committee, 415 U.S. 935 (1974).

In this case, PSC chose to balance the equities between ratepayers and shareholders and distributed the gain in a manner that was fair according to the experts who testified. That ruling, based upon this record, was proper. *See Democratic Central Committee, supra;* Re Boston Gas Company, 49 PUR4th 1 (Mass. DPU 1983); Re The Detroit Edison Co., 20 PUR4th 1 (Mich. PSC 1977); Re Calgary Power Ltd., 34 PUR4th 398 (Alberta PUB, 1980). Accordingly, we affirm the decision of the district court.

YOUNG, C. J., STEFFEN, SPRINGER and MOWBRAY, JJ., and ZENOFF, Sr. J.,[1] concur.

---

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, participated in this appeal in the place of CHIEF JUSTICE E. M. GUNDERSON pursuant to this court's general order of assignment filed September 14, 1988.