ALFRED THOMAS BARBAGALLO, Appellant, v.
CATHY LEE BARBAGALLO, Respondent.

No. 18757

September 21, 1989

779 P.2d 532

*Mills & Gibson,* Las Vegas, for Appellant.

*Joseph W. Houston, II,* Las Vegas, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

In 1987 Nevada enacted a formula child support law, which provides that the "court shall apply the appropriate formula" in determining "the required support in any contested case involving the support of children." NRS 125B.080. In the present case, a "contested case involving the support of children," the trial court applied the appropriate formula and ordered Alfred Barbagallo, the father of the child, to pay, as his statutory obligation for support, eighteen percent of his gross monthly income. The father argues that he should not be ordered to pay the full formula obligation (eighteen percent of $2,500.00, or $450.00 per month) because he is a joint custodian of the child and has joint physical custody of the child on three of the seven days of the week. The father claims that he should be entitled to an "adjustment" downward of the required formula obligation because of the shared nature of the child custody.

The matter was heard by a domestic relations referee, who found, "after a close examination of the time which the minor child spends with" the father, that this time did not render the father's custody so "significantly different" as to justify a departure from the formula. Based on this finding and the recommendation of the referee the district court ordered the father to pay the full statutory child support obligation. We conclude that the trial court acted properly in making this child support award and affirm the judgment of the trial court.

The father's claim to a reduction of the full statutory obligation has considerable merit and raises some significant and troublesome issues relating to child support. Where a divorced mother and father share the financial burdens of child raising on a close to equal basis, and where mother and father have close to equal financial resources, it would not be fair, even though the statute says that the "court shall apply the appropriate formula," to pick out mother or father and order that he or she pay the other the "appropriate formula" support obligation.

The statutory mandate that the "court shall apply the appropriate formula" is designed to relate to the traditional and once quite typical post-divorce situation in which one parent (usually the mother) is the "custodial parent" and the other parent (usually the father) is the "noncustodial parent." Under such circumstances the noncustodial parent would ordinarily be ordered to pay child support to the custodial parent. The statutory formula is easily applied to these kinds of cases; it is not so easily applied to shared and joint custody cases. In the process of enacting the child support formula statute the legislature gave considerable attention to this important problem.

The original version of A.B. 44 of the 64th Session, 1987, did deal specifically with the problem now before us, namely, how formula child support requirements should be adjusted in joint custody or shared custody cases. The language of A.B. 44 as originally proposed, but eventually rejected, provided that in cases of equal physical custody the parent with the higher income had to pay the other parent an amount equal to the difference between his or her statutory obligation and the obligation of the other parent. The bill went on to provide that where physical custody of one parent amounted to more than 146 days, but fewer than 218 days, the parent of greater income must pay an amount "which is equal to the product of the amount of obligation for support of the parent awarded the least amount of custody and an amount equal to the percentage of time the other parent is awarded physical custody of the child." The original bill makes it apparent that the legislature did consider dealing with this problem in a formalized manner and then decided against it.

For some reason the legislature has declined to say whether the formula support statute is to be applied to joint or shared custody cases, or, if applied, how the formula should be adjusted in cases where custody burdens are shared by two custodians on fairly equal terms. A.B. 44 as originally drafted provided an answer to the problem. Since the bill was not enacted in its original form, it now falls upon the court to provide an answer to the problem.

First we hold that the child support formula mandated by NRS

125B.080 and NRS 125B.070(2) does apply in joint and shared custody cases. Wherever possible courts should give effect to legislative enactments; and here, it appears to us that the NRS 125B.070(2) formula amounts can be applied, subject to certain limited adjustments, to these kinds of joint custody cases. Before the formula can be applied in these cases, however, a very critical preliminary decision must be made by the courts, and that is: Which of the two joint or sharing custodians is entitled to receive child support payments, and who has to pay? Trial courts may even, in certain rare cases of equal caretaking and equal financial status of the custodians, rule that neither party is entitled to receive child support from the other. In most cases, however, the court will be able to identify a primary and secondary custodian. One custodian will be seen as having shouldered the main responsibilities, financial and otherwise, for child nurture and support.[1] One custodian can ordinarily be identified as having the primary responsibility for maintaining a home for the child or children and for providing for basic needs. Once the primary custodian is identified, the court, then, "shall apply the appropriate formula" and order the secondary custodian to pay the formula amount.

As indicated above, cases do arise in which a secondary, joint or sharing custodian contributes so substantially to the financial support of a child that in fairness and equity some relief from the full formula requirements must be afforded. We now address how the formula obligation may be adjusted downward in joint and shared custody cases.

First we must bear in mind that balanced against the need in some cases to relieve the secondary parent from the full formula burden is the reality that the primary custodian is faced with an array of fixed expenses relating to child rearing, costs such as rent, mortgage payments, utilities, car maintenance and medical expenses. These expenses go on and are not usually appreciably diminished as a result of the secondary custodian's sharing of the burdens of child care and maintenance. The sad reality that must be faced is that the desirable sharing of custody responsibilities by the secondary custodian in joint custody situations has the inevitable result of increasing total child-related expenses. It is ironic that joint custody arrangements, which are premised on the theory that an equal sharing of physical and emotional resources

---

[1]The party having the majority of custodial time in a joint physical custody situation is presumably, but not unexceptionably, the primary custodian. It is certainly possible that a party entitled to three days physical custody could convince the trial court that he or she was exercising the majority of child rearing responsibilities and financial burdens, but experience probably dictates that the person having physical custody most of the time will probably turn out to be the primary custodian.

is best for the child, would result in added burdens on both custodians, but this appears to be the case.

Because of the probable increases in overall expenses in joint physical custody cases and because of the danger inherent in reducing child support payments made to a primary custodian, the courts should exercise considerable caution before reducing the formula amounts. As the secondary custodian's child-related expenses increase, the expenses of the primary custodian do not decrease proportionally, and care should be taken that children do not suffer while in the care of the primary custodian by reason of unwarranted reductions in the formula payments being made by the secondary custodian.

How to accommodate the interests of the secondary custodian in a fair manner that will still do justice to the primary custodian and not be contrary to the best interests of children is not an easy task. The legislature, apparently, was not able to come up with a formulary or quantitative method for making adjustments in these cases; accordingly, we do not see it as being appropriate for the courts to devise any kind of mathematically calculated reduction formula.[2] About all that we can do under the circumstances is to state generally the applicable principles and give guidance as to how justice might best and fairly be accomplished by the district courts in these troubling and difficult cases.

We do have statutes that provide a starting place for addressing the problem. NRS 125B.080(8)[3] lists twelve "factors" which are to be considered when "adjusting the amount of support."

---

[2]We note that the district courts in some cases have attempted to devise their own formulas in making adjustments of this kind. An example of this process can be found in the Nevada Civil Practice Manual (Michie 1988). It appears at section 3008 that "[s]ince no case authority on the new statute is available at the time of the writing of this handbook, many questions with regard to application of the formula cannot be definitively answered." *Id.* at 703-04. The manual then describes a mathematical device for adjusting the formula which is characterized as one of the "approaches which have been utilized by some courts and domestic relations referees. The practitioner is cautioned that these approaches have not been presented to or accepted by all courts" *Id.* at 704. As said above, it is inappropriate for the courts to adopt their own formulas when the mathematical approach to adjusting the formula in joint custody cases has been considered and rejected by the legislature.

[3]NRS 125B.080(8) provides:

The court shall consider the following factors when adjusting the amount of support of a child upon specific findings of fact:
(a) The cost of health insurance;
(b) The cost of child care;

In NRS 125B.060 are listed considerations which should be evaluated by "[a]ny court establishing or enforcing an order for the support of a child, in determining the amount to be paid." Whether or not intended by the legislature to apply directly to the problem at hand, the considerations appearing in NRS 125B.060 include two very important matters which we believe ought always to be taken into account. These are the "standard of living and circumstances of the parents" and the "earning capacity of the parents."[4]

Although all of the items listed in NRS 125B.080(8) and NRS 125B.060 may be regarded, clearly they need not be given equal weight. What really matters in these cases is whether the children are being taken care of as well as possible under the financial circumstances in which the two parents find themselves. Greater weight, then, must be given to the standard of living and circumstances of each parent, their earning capacities and the "relative financial means of parents" than to any of the other factors.

If, for example, the secondary custodian has a much higher standard of living, greater earning capacity and considerably greater financial means than the primary custodian, the courts must be careful not to allow unwarranted reductions in the formula amount being paid by such a secondary custodian to the primary custodian.

Most of the other statutory factors and considerations are of much lesser weight than the standard of living and relative financial condition of the parties. For example, the father in this case

---

(c) Any special educational needs of the child;
(d) The age of the child;
(e) The responsibility of the parents for the support of others;
(f) The value of services contributed by either parent;
(g) Any public assistance paid to support the child;
(h) Any expenses reasonably related to the mother's pregnancy and confinement;
(i) The cost of transportation of the child to and from visitation if the custodial parent moved with the child from the jurisdiction of the court which ordered the support and the noncustodial parent remained;
(j) The amount of time the child spends with each parent;
(k) Any other necessary expenses for the benefit of the child; and
(l) The relative income of both spouses.

[4]NRS 125B.060 will become ineffective on October 1, 1989. *See* 1989 Nev. Stats. ch. 405 § 16. The repeal of this section has no material effect on this opinion as the considerations listed therein are, in the main, covered elsewhere in Chapter 125B or in the body of the opinion, wherein we stress the standard of living and circumstances of each parent, their earning capacity and the relative financial means of parents more than "any of the other factors."

lays great stress on the amount of time he claims to spend with his child and cites NRS 125B.080(8)(1), the "amount of time the child spends with each parent." The father contends that since the child spends "forty three percent" of its time with the father, the formula should be reduced by forty-three percent of the formula amount. However, the commendable willingness of a secondary custodian to spend time with his or her children does not, by itself, reduce the child rearing related expenditures being borne by the primary custodian. A parent might spend a large amount of time with his or her child and yet contribute little or nothing to the child's material welfare.

Because of the presumptive nature of the formula, application of the formula must be the rule, and deviation from the formula for the benefit of the secondary custodian must be the exception.[5] Therefore, the secondary custodian has the burden of showing any unfairness that might result from that custodian's having to pay the full formula amount. Further, the trial court must, in accordance with NRS 125B.080(5), "set forth findings of fact as to the basis for the deviation from the formula." The "basis for the deviation" must be found in the unfairness, the injustice, which may result to the secondary custodian if he or she, after making substantial contributions of a financial or equivalent nature to the support of the child, were required to pay the full formula amount.

To summarize:

1. The NRS 125B.070 formula applies to joint physical custody and shared custody cases.

2. The court must make a determination as to which parent is the primary custodian and the secondary custodian.

3. The secondary custodian must pay to the primary custodian the full formula amount unless the secondary custodian sustains the burden of showing that substantial injustice would result in requiring him or her to pay the full formula amount.

4. In determining whether an injustice is present the trial court should make reference to the factors and considerations in NRS 125B.080(8) and NRS 125B.060, with principal concern being given to the standard of living of the parties, their earning capacity and their relative financial means.

5. Where either an increase (under NRS 125B.080(4)) or reduction in the formula amount is ordered, the deviation from the formula should be supported by written findings of fact and a statement of reasons.

---

[5] "It is presumed that the basic needs of the child are met by the formulas set forth in subsection 2 of NRS 125B.070." NRS 125B.080(4).

The record before us does not warrant a reversal of the child support award given in this case to the mother as primary custodian. We do not have in the record on appeal a transcript of the proceedings on the motion to increase child support, but we do have a binding written finding by the domestic relations referee which was adopted by the trial court in granting the support increase. The findings of the referee adopted by the district court tell us that the father's contacts with the child look more like visitation periods rather than assumption of full custodial responsibilities. The referee found that the father visited on three weekends plus an extra day each month, not a terribly unusual or atypical visitation arrangement. We find nothing in the record that discloses such a substantial contribution by the father as secondary custodian that would mandate, as a matter of law, a formula reduction in this case.

The trial court denied all objections to the referee's findings and recommendations, affirmed the same and ordered the father to pay the sum of $450.00 per month. We discover in this record no irregularity in the referee's proceedings nor in the referee's findings and recommendations. The appellant has not shown any abuse of discretion on the part of the trial court in accepting the referee's findings and recommendations. We therefore affirm the judgment of the trial court. We have considered other assignments of error and find them to be without merit.

YOUNG, C. J., STEFFEN, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[6] concur.