CHRISTIE ANN ANASTASSATOS, Appellant, v. GEORGE ANASTASSATOS, Respondent.

No. 27560

April 3, 1996                    913 P.2d 652

*Crowell, Susich, Owen & Tackes* and *Sandra-Mae Pickens,* Carson City, for Appellant.

*Richard S. Staub,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

In this appeal from a judgment modifying child support, appellant contends that the district court: (1) exceeded its jurisdiction by entering an order regarding matters not properly before the court; (2) improperly abated child support; and (3) improperly set the date for commencement of increased child support payments. We conclude that the district court did exceed its jurisdiction, and that it improperly abated child support. However, the district court did not abuse its discretion in determining the date upon which increased child support would commence. Accordingly, we affirm in part, and reverse in part.

### FACTS

On April 15, 1987, appellant Christie Ann Anastassatos and George Anastassatos were divorced. The parties have three minor children over whom they share joint legal custody, with Christie having primary physical custody subject to George's rights of reasonable visitation. George paid monthly child support in the amount of $300 per child or a total of $900 per month as provided in the parties' Property Settlement Agreement.

On April 20, 1995, Christie requested a review and modification of George's child support obligation pursuant to NRS 125B.080(1)(b) and NRS 125.145(1). The parties attempted to resolve Christie's request through counsel, but were unable to do so. To avoid further delay, Christie demanded that George file a response to the motion. George responded in a letter, dated June 8, 1995; however, Christie submitted the matter for decision and obtained an order modifying child support.

George subsequently moved to set aside the order and simultaneously filed an opposition and countermotion to Christie's

motion. George admitted he should be paying the statutory cap of $500 per child per month or $1,500 per month total, but requested a credit for one half of the monthly cost of the health insurance premium, or $67.50, and a specified visitation schedule. Christie opposed George's proposed visitation schedule, and further opposed the motion to set aside the order modifying child support. The district court set aside its earlier order, and the matter was subsequently resubmitted on the pleadings by the parties.

Upon resubmission, both parties submitted proposed orders to the court. After reviewing George's proposed order, Christie filed formal objections with the court, arguing that George's order addressed issues and sought relief that were not previously set forth in the pending motions and therefore such issues and relief were not appropriately before the court. On August 8, 1995, the district court entered an order that modified child support, thereby effectively adopting George's proposed order. The order was to take effect on August 1, 1995.

The district court's order: (1) increased child support as requested by Christie; (2) gave George credit for one half of the insurance premium; (3) abated George's support obligation during his one-month summer visitation; (4) changed the date when support should be paid; (5) specified a visitation schedule; and (6) made the parties equally responsible for costs of transportation of the minor children. Christie contends that items (3) through (6) constituted relief in excess of the district court's jurisdiction.

Christie also insists that even if the district court had jurisdiction to abate child support, it abused its discretion in allowing the abatement. Finally, Christie contends the district court improperly set the date for commencement of increased child support payments. We conclude that, with the exception of the specified visitation schedule and determining the date upon which the increase in child support would commence, the district court did exceed its jurisdiction.

## DISCUSSION

Christie contends that the only issues properly before the district court were the amount of child support and whether George was entitled to a credit against his child support obligation for one half of the health insurance premium. As a result, Christie maintains that the other areas of relief granted to George by the district court were not raised in the pleadings, and represented matters concerning which she neither received notice nor an opportunity to be heard, the twin hallmarks of due process.

Although Nevada is a notice pleading jurisdiction, a party must be given reasonable advance notice of an issue to be raised and an opportunity to respond. Schwartz v. Schwartz, 95 Nev. 202, 206, 591 P.2d 1137, 1140 (1979). In the present case, the only matters before the district court were the visitation schedule and the issue of whether one half of George's health insurance payments could be credited against his support payments. By waiting until the submission of the proposed order to address child support abatement, the sharing of child visitation transportation costs, and changing the due date of support payments, George effectively denied Christie an opportunity to respond. Therefore, those three issues were not properly before the district court.

Because we conclude that the issue of child support abatement was not properly before the district court, it is unnecessary to determine whether the district court abused its discretion by abating child support during the summer when the children were visiting their father. However, we take this opportunity to reiterate this court's position on the issue.

Under Nevada's child support laws, the legislature has limited the discretion of the district courts. Although this court has recognized the importance of discretionary rulings by the district courts in the area of child support, it is clear that the limits of such discretion have been set within the specifications of the statutes. Lewis v. Hicks, 108 Nev. 1107, 1112, 843 P.2d 828, 831 (1992). A district court has limited discretion to deviate from child support guidelines provided by NRS 125B.070, and any such deviation must be based upon the statutory factors provided under NRS 125B.080(9). Westgate v. Westgate, 110 Nev. 1377, 1379, 887 P.2d 737, 738 (1994). Indeed, the compelling force of the statutory guidelines is of such a magnitude that in the event of a deviation from the statutory formula by a district court, the justification for the non-conformity must be specified in written findings of fact. Moreover, the "'basis for deviation' must be found in the unfairness, the injustice, which may result to the secondary custodian if he or she, after making substantial contribution of a financial or equivalent nature to the support of the child, were required to pay the full formula amount." Barbagallo v. Barbagallo, 105 Nev. 546, 552, 779 P.2d 532, 536 (1989) (quoting NRS 125B.080(5)).

In the instant case, the district court failed to set forth findings of fact concerning the basis for the deviation from the formula.

George contends that the district court's order makes it clear that the support abatement during the summer visitation was based upon the fact that the children would spend the four weeks with George. He therefore suggests that no other finding is necessary to justify the deviation. However, *Barbagallo* refutes such a conclusion stating:

> Because of the probable increases in overall expenses in joint physical custody cases and because of the danger inherent in reducing child support payments made to a primary custodian, the courts should exercise considerable caution before reducing the formula amounts. As the secondary custodian's child-related expenses increase, the expenses of the primary custodian do not decrease proportionally, and care should be taken that children do not suffer while in the care of the primary custodian by reason of unwarranted reduction in the formula payments being made by the secondary custodian.

*Id.* at 550, 779 P.2d at 535.

If the children spend the four weeks with George, it does not necessarily follow that Christie's expenses as primary caretaker should correspondingly decrease during that time. As the court stated in *Barbagallo:*

> [W]e must bear in mind that balanced against the need in some cases to relieve the secondary parent from the full formula burden is the reality that the primary custodian is faced with an array of fixed expenses relating to child rearing, costs such as rent, mortgage payments, utilities, car maintenance and medical expenses. These expenses go on and are not usually appreciably diminished as a result of the secondary custodian's sharing of the burdens of child care and maintenance.

*Id.* at 548, 779 P.2d at 535. Here, the terms of the district court's order do not adequately support a deviation from the statutory formula, and the district court's failure to set forth findings of fact as to the basis for the deviation constitutes reversible error.

Finally, Christie briefly contends that the district court erred in setting August 1, 1995 as the date for commencing the increased child support payments, rather than May 1, 1995, which was the date she filed her motion. Christie argues that George had initially acknowledged he owed a larger amount, but then delayed the proceeding. As support for her position, Christie cites NRS 125B.140, which states, in pertinent part:

Payments for support . . . which have not accrued at the time either party gives notice that he has filed a motion for modification or adjustment *may* be modified or adjusted by the Court upon a showing of changed circumstances.

(Emphasis added.)

The statute, as noted, leaves the matter to the discretion of the district court. The district court apparently considered the delay in proceedings to be unintentional, since the parties were trying to resolve Christie's motion out of court. We conclude that such a conclusion was not an abuse of discretion.

## CONCLUSION

We conclude that the issues of child support abatement, the sharing of transportation costs related to child visitation, and the due date of support payments were not properly at issue before the district court, and we reverse the judgment regarding these matters. Moreover, we also conclude that the district court abused its discretion by abating child support during the four weeks in the summer when the children were scheduled to visit their father, and accordingly reverse that part of the order entered below. Finally, the district court did not abuse its discretion in determining the date upon which the increased child support would commence.