Springer, C. J.,
dissenting:
I dissent. I would affirm the judgment of the trial court.
My main objection to the majority opinion is that it unfairly and improvidently conjures out of thin air a new child support formula to be applied in cases of joint, equal custody. I say “thin air” because the court states no basis in law or reason[1] for the carelessly-concocted, “split-the-difference” formula that is adopted here, namely: “Calculate the appropriate percentage of gross income for each parent; subtract the difference between the two and require the parent with the higher income to pay the parent with the lower income that difference.’ ’
The mother and father of these three children share physical custody jointly and equally. The father earns more than the mother. To give the children the benefit of the father’s greater earnings, the trial court correctly followed Barbagallo v. Barbagallo, 105 Nev. 545, 779 P.2d 532 (1989), and required the father to pay to the mother $300.00 per month to make up for the difference. The district court decided, properly, in my opinion, that under the circumstances of this case and under the various NRS 125B.080 factors referred to in Barbagallo that the payment of $100.00 per child would be fair and just in this case. By inventing its own child-support formula, this court will be requiring the father to pay over $1,000.00 per month, almost twice as much as any other legislatively-adopted formula that I have been able to *1371 locate.[2] Although I am deeply concerned about the unfairness suffered by this father, what is of most concern to me now is the unfairness that will be suffered by virtually every joint custodian who has greater earning power than the other joint custodian. Once the word gets out that an excessive, judicially-imposed formula is going to be unexceptionably applied to the joint custodian with the greater income, I fear that it will deter parents from entering into joint custody arrangements. Most joint custodial parents would not object to paying child support to the parent earning less income, but after a certain point the child support becomes more of a subsidy to the payee parent than it is a benefit to the children. As things stand, unless the legislature acts to create a reasonable formula to be applied in joint custody cases, I am afraid that today’s ruling will give great pause to the parent who earns more money than the other before agreeing to accept joint custody. I think that this is detrimental to the best interests of Nevada’s children.
*1372 The district court did not go beyond the bounds of its discretion in deciding this case, and I would affirm the trial court’s judgment.

 As I read the majority opinion, its reasoning seems to be that the legislature favors “requir[ing] each parent to provide a minimum level of support for his or her children, specified by the legislature as a percentage of gross income.” The legislature has not provided a formula in cases of joint physical custody; therefore, reasons the majority, in the absence of a legislative percentage-of-income formula, this court “should make the determination of ... the appropriate percentage.” I disfavor the court’s enacting a percentage formula of this kind because to do so properly involves taking into account many difficult social issues and policy-setting functions, functions that can be suitably carried out only by the legislative branch of government. It is not the invasion of the legislative prerogative that disturbs me most about this case, however, it is the slipshod, by-guess-and-by-golly way that the court has gone about enacting a new child support formula.

 The main point that I am trying to make in this dissenting opinion is that if the court is going to legislate it should do so in a measured and fair way. The court should have examined the various legislative formulas that have been adopted in these kinds of cases and selected the optimal approach to be adopted in this state. As things stand, the court did not even pretend to do this.
There are many legal and policy matters that must be taken into consideration in the formulation of standards for child support payments that must be made by one parent to another. Most states have adopted one of two approaches, the “income sharing” approach or the Massachusetts approach, sometimes called the “marginal expenditure” model. In adopting a child support model, legislatures necessarily weigh the question of fairness to the child support obligor against the objective of providing adequately for the child. Another consideration is avoiding any shocking disproportion between the standard of living of a child and either of his parents. Formulas cannot be reasonably enacted by legislature or court without giving serious attention to the various alternatives available.
The following is an example of how a rationally-devised formula might work in a joint custody case. If the marginal expenditure model were employed, child support payments in this case would be computed as follows: The total statutory child support obligation of both parents would first be calculated ($5,177.00 + $1,600.00 = $6,777.00 x 29% = $1,965.00). The marginal expenditure method adjusts for the additional costs of two households by an arbitrary increase of 50%; thus $1,965.00 plus 50% of $1,965.00 ($982.00) = $2,947.00, calculated as the total child support expenditure of both households. Half of $2,948.00, or $1,474.00, is required in each household. Of the total income of the two parties, the husband earns 69% and the wife earns 31%. Of the $1,474.00 needed in the wife’s home, the husband must contribute 69%; thus the husband must pay $1,017.00. Of the $1,474.00 needed in the husband’s home, the wife must pay 31% or $457.00. Setting off these two obligations results in the husband’s owing to the wife the difference between $1,017.00 and $457.00 or $560.00 per month. The arbitrary formulation adopted by the majority is grossly unfair to this obligor and to all joint custody obligors in the future.