An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHEN J. KAUFFMAN,
Appellant,
vs.
COLLEEN P. KAUFFMAN,
Respondent.

No. 61687

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a post-divorce decree district court order modifying child support. First Judicial District Court, Carson City; James Todd Russell, Judge.

The parties were divorced in 2001, and at the time, they had three minor children. Respondent was awarded primary physical custody, and appellant was awarded visitation and ordered to pay child support. In April 2011, appellant filed a motion for a three-year review of the child support obligation for the parties' two remaining minor children in accordance with NRS 125B.145(1)(b).[1] While the motion was pending, one

---

[1]Appellant filed the motion in the Tenth Judicial District Court, but the matter was transferred to the First Judicial District Court, which had entered the divorce decree and prior modifications to child support. In the opening brief, appellant challenges the First Judicial District Court's denial of his motion to change venue back to the Tenth Judicial District Court. Because appellant's notice of appeal was prematurely filed before any decision on his motion, this court lacks jurisdiction to consider the issue concerning venue. *See* NRAP 3A(b)(6); NRAP 4(a)(1); *Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 688, 747 P.2d 1380, 1381-82 (1987). Moreover, we are not persuaded by appellant's arguments in response to this court's order to show cause regarding jurisdiction.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30687

of the children went to live with appellant for eight months, and during that time, the district court determined that appellant had primary physical custody of that child, which neither party disputes.

After a hearing on the child support motion, the district court entered a written order that named respondent the children's primary physical custodian, modified appellant's child support obligation, determined arrears and adjusted the arrears based on the eight-month period that the one child was in appellant's custody, and declined appellant's request to deviate his child support obligation downward based on his youngest child, health insurance costs, and travel expenses. This appeal followed.[2]

On appeal, appellant first challenges the district court's refusal to provide him with a downward deviation in his child support obligation based on his responsibilities for his youngest child, health insurance costs, and travel expenses associated with visitation. Specifically, appellant argues that the district court was required to consider the factors set forth in NRS 125B.080(9) to adjust the amount of child support owed. Further, appellant contends, without citation to any legal authority, that because the district court failed to give an explanation for not providing any deviation, and because appellant had received a deviation before for his youngest child, he has met the "clearly erroneous standard."

Under NRS 125B.080(9), the district court must consider different factors when adjusting a child support obligation. *See* NRS

---

[2]Appellant does not challenge the child custody arrangement or the specific amount of the arrears.

125B.080(9)(a) (health insurance costs); NRS 125B.080(9)(e) (responsibilities for other children); NRS 125B.080(9)(i) (travel expenses associated with visitation). The amount of child support is determined by the statutory formula set forth in NRS 125B.070, and the district court has limited discretion to deviate from the formula based on the factors provided in NRS 125B.080(9). *Anastassatos v. Anastassatos*, 112 Nev. 317, 320, 913 P.2d 652, 654 (1996). The district court must support any deviation with written factual findings. *Id.* Moreover, a district court's order concerning child support will not be overturned absent an abuse of discretion. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996).

Here, the record shows that the district court satisfied NRS 125B.080(9)'s requirement when it considered appellant's requests to deviate from the statutory child support formula at the July 6, 2012, hearing. In addition, the court gave the parties the opportunity to brief the issues for the court's consideration before the court entered its written order. Respondent filed a brief arguing her points for not deviating from the child support statutory formula, but appellant did not file a brief. And although the district court may have expressed an inclination at the hearing to allow a deviation for appellant's youngest child, but then did not provide a deviation in its written order, the court did not abuse its discretion by doing so. *See Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987) (recognizing that a district court may reconsider an issue and enter a written decision that differs from the oral pronouncement); *see also Bd. of Gallery of History v. Datecs Corp.*, 116 Nev. 286, 289, 994 P.2d 1149, 1150 (2000) (stating that the district court's failure to rule on a request constitutes a denial of the request).

Accordingly, we conclude that the district court did not abuse its discretion in not providing appellant any deviation from the statutory support formula. *Wallace,* 112 Nev. at 1019, 922 P.2d at 543.

Next, appellant argues that that the district court's award of child support as of March 2012 was an improper retroactive modification because no motion for child support was pending at that time. Nevada law prohibits retroactive modification of a support order, but a court may apply the modification as far back as the date the modification was requested. *Ramacciotti v. Ramacciotti,* 106 Nev. 529, 532, 795 P.2d 988, 990 (1990). Here, appellant requested the three-year child support review in April 2011, and the parties litigated the issue between April 2011 and July 2012. Further, after respondent was awarded custody of both children in early 2012, she filed an objection to the master's recommendations for support, which notified appellant that the new custody arrangement would be relevant to modifying child support. Thus, appellant was on notice as of April 2011, due to his own request for a child support review, and again in March 2012, based on respondent's objection, that a change in child support might occur. Accordingly, the district court did not abuse its discretion in awarding respondent child support as of March 2012. *Wallace,* 112 Nev. at 1019, 922 P.2d at 543.

Finally, appellant contends that the district court miscalculated the parties' respective gross monthly incomes for the purpose of determining their child support obligations for the period when each party had custody of one of the children and for the period from March 2012 forward when respondent was awarded primary physical custody. *See Wright v. Osburn,* 114 Nev. 1367, 1368-69, 970 P.2d 1071, 1072 (1998) (calculating child support for joint physical custody

arrangements based on the difference in the parties' gross monthly incomes); *see also* NRS 125B.070(1) (setting forth the noncustodial parent's child support obligation as a percentage of that parent's gross monthly income). NRS 125B.070(1)(a) defines gross monthly income as "the total amount of income received each month from any source," excluding deductions "for personal income tax, contributions for retirement benefits, [or] contributions to a pension or for any personal expenses." To determine the parties' gross monthly income, the court "may direct either party to furnish financial information or other records, including income tax returns . . . ." NRS 125B.080(3).

In this case, the district court considered several documents filed by both parties, including the parties' W-2 forms and appellant's Department of Defense Civilian Leave and Earnings Statement. Appellant argues that the district court erred because it failed to consider a W-2 form from respondent's third employer. According to appellant, respondent submitted W-2 forms from Washoe Barton Medical, Surgical Associated of Lake Tahoe, and Carson Valley Medical Center and the district court ignored the Carson Valley Medical Center form. Respondent countered that Washoe Barton Medical and Carson Valley Medical Center were the same employer, and the district court agreed. Appellant also contends that the district court erroneously relied on his Civilian Leave and Earnings Statement rather than his W-2 form, which attributed an approximate $800 per month higher income than his W-2 forms. But respondent contended below that the Civilian Leave and Earnings Statement more accurately established appellant's gross monthly income, because the W-2 form deducted funds for health, dental, and vision insurance, as well as his savings plan deductions, and the district court

accepted that contention. Accordingly, we conclude that the district court's findings as to the parties' respective incomes are supported by substantial evidence, *Shydler v. Shydler*, 114 Nev. 192, 196, 954 P.2d 37, 39 (1998); NRS 125B.070(1)(a), and that the district court did not abuse its discretion in calculating the child support. *Wallace*, 112 Nev. at 1019, 922 P.2d at 543.

For the above reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. James Todd Russell, District Judge
       Shawn B. Meador, Settlement Judge
       Jonathan H. King
       Loren Graham
       Carson City Clerk