An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WINONA CHEUNG,
Appellant,
vs.
KENNETH STEVEN MEIER,
Respondent.

No. 66897

FILED

SEP 11 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order regarding child custody and support. Eighth Judicial District Court, Family Court Division, Clark County; William S. Potter, Judge.

The parties were never married and have one child together. Respondent filed a motion to establish joint physical custody. The district court denied that request and awarded appellant primary physical custody and ordered respondent to pay child support at the maximum amount for his income based on the NRS 125B.070 child support formula. In doing so, the district court denied appellant's request that respondent contribute financially to the child's dance, voice, and piano lessons. Appellant argues that the district court failed to make requisite findings and overlooked the child's best interest when it did not increase respondent's child support obligation beyond the statutory maximum amount.

15-27575

A district court has limited discretion to deviate from the NRS 125B.070 child support formula, and any deviation must be based on the factors in NRS 125B.080(9). *Love v. Love*, 114 Nev. 572, 579, 959 P.2d 523, 528 (1998). Each parent has a "duty to provide the child necessary maintenance, health care, education and support," NRS 125B.020(1), and it is presumed that the needs of the child are met by the NRS 125B.070 child support formula, NRS 125B.080(5). This court reviews district court child support awards for an abuse of discretion. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996).

Having reviewed the parties' arguments and the appendix to appellant's fast track statement, we are not persuaded that the district court abused its discretion when it did not impose an upward deviation from the child support formula and denied appellant's request that respondent pay for a share of the extracurricular activities requested by appellant. *Fernandez v. Fernandez*, 126 Nev. 28, 40, 222 P.3d 1031, 1039 (2010) (explaining that "[t]he child's best interest, in the support setting, is tied to the goal of the support statutes generally, which is to provide fair support, as defined in [the statutory formula] and [NRS] 125B.080"); *Wallace*, 112 Nev. at 1019, 922 P.2d at 543. As to appellant's argument that the district court failed to make findings regarding an upward deviation analysis, because the district court did not grant the deviation, it did not need to make specific findings of fact regarding the NRS 125B.080(9) factors. *See* NRS 125B.080(6) (providing that "[i]f the amount of the awarded support . . . is greater or less than the amount which would be established under the applicable formula" the court shall set forth findings for the basis of the deviation); *Anastassatos v. Anastassatos*, 112

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Nev. 317, 320, 913 P.2d 652, 654 (1996) (stating that the justification for any *non-conformity* with the statutory formula must be specified in written findings of fact).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. William S. Potter, District Judge, Family Court Division
Carolyn Worrell, Settlement Judge
Pecos Law Group
Steinberg Law Group
Eighth District Court Clerk