878 P.2d 284 (1994)
Barbara J. SPRENGER, Appellant,
v.
Henry B. SPRENGER, II, Respondent.
No. 23771.
Supreme Court of Nevada.
July 26, 1994.
*285 Hamilton & Lynch, Reno, for appellant.
Anderson, Pearl, Hardesty, Lyle, Murphy & Stone, Reno, for respondent.

OPINION
PER CURIAM:
This is an appeal from a modified order of the district court distributing property and awarding alimony upon divorce. Appellant assigns several bases of error to the district court. While we conclude that most of appellant's claims on appeal are without merit, we nonetheless conclude that the district court's order does not adequately provide for appellant.
*286 Appellant Barbara Sprenger (Barbara) and respondent Henry "By" Sprenger (By) were married in 1970 and divorced in 1991. At the time of the marriage, Barbara worked as a licensed practical nurse. Not long after the marriage and the birth of their first child, Barbara gave up her career as a nurse in order to look after her first child as well as a second child who was born two years later. Beginning in 1983, Barbara began taking a series of courses, and at the time of the divorce had accumulated a total of 90 university credits.
Prior to the marriage, By worked with his father in a lawn care business known as Nevada Lawn Service, which was incorporated in 1967. At the time of the incorporation, 500 shares of stock were issued to By and 500 shares were issued to his parents. During the course of the marriage, in May 1977, assets in the lawn maintenance segment of the corporation's business were sold to Ron Cox (Cox). That same year, the name of the corporation was changed to Moana Lane Nursery.
At the time of the divorce, the total value of stock in the Moana Lane Nursery was between $581,000 and $589,000. Prior to the divorce, By was being paid approximately $100,000 per year from the business. Barbara's signature appears with her husband as a "witness" on a Buy-Sell Agreement with the stockholders. In addition, Barbara's signature appears as a shareholder on a Stock Transfer Restriction Agreement and on the agreement for the sale of the interest in the lawn maintenance part of the business to Cox.
In its final order, the district court determined that By's interest in Moana Lane Nursery, valued at $236,106.15, was By's separate property. However, as requested by Barbara in her proposal for the distribution of property, the district court awarded her an interest of $118,053 in the nursery for the "community investment into the productivity of the corporation."
Barbara claims that the district court erred in finding that the interest in Moana Lane Nursery was By's separate property and argues that this property should have been distributed pursuant to NRS 125.150 as a community asset. She claims that the original business which By acquired before marriage was a lawn care business and that By sold the lawn care business to Cox. She argues that upon this sale, the original lawn care business "ceased to exist," that the original capital investment was "recaptured by the sale," and that Moana Lane Nursery was acquired and operated in its entirety throughout the marriage. We are unpersuaded by this argument.
By's father, who owned nearly half of the company's stock, testified that the agreement with Cox stated that all of the personal property owned by the corporation would remain the property of the corporation, except for certain lawn care maintenance assets, which consisted mainly of equipment. Additionally, By testified that he never intended to sell Cox any of the stock in the Nevada Lawn Service.
Barbara also argues that the corporation was somehow transmuted from separate to community property. She cites the appearance of her signature on the aforementioned documents as evidence that the property was transmuted and that she was a co-owner of the business. Transmutation from separate to community property must be shown by clear and convincing evidence. In re Marriage of Weaver, 224 Cal.App.3d 478, 273 Cal.Rptr. 696, 701 (1990); see also Stockgrowers & Ranchers Bank v. Milisich, 52 Nev. 178, 183, 283 P. 913, 914 (1930) (community to separate).
The district court found that although Barbara's name is included on a stock transfer restriction, there was no transmutation of the stock in Moana Lane Nursery from By's separate property to community property. Evidence was presented showing that stock certificates were never issued in Barbara's name. Additionally, By testified that he never intended to make a gift to Barbara of any interest in the property. We hold that the appearance of Barbara's signature as a shareholder on certain documents, without more, is not clear and convincing evidence of transmutation. See Schulman v. Schulman, 92 Nev. 707, 716-17 & n. 9, 558 P.2d 525, 531 & n. 9 (1976) (wife's name on a `stand by' *287 agreement and deed of trust did not amount to a community property transmutation). There is no question that By acquired the stock in the business before marriage. Therefore, absent a transmutation of the property, the stock is his separate property. See NRS 123.130(2). Since the record fails to show clear and convincing evidence of transmutation, we refuse to disturb the district court's finding that the stock in Moana Lane Nursery was By's separate property.
Barbara also argues that the district court's alimony award constituted an abuse of discretion. The district court awarded Barbara $1,500 per month in alimony "until she completes her undergraduate degree or for a maximum of two years, whichever comes first." The amount of alimony is within the sound discretion of the trial court. Rutar v. Rutar, 108 Nev. 203, 205, 827 P.2d 829, 831 (1992). However, a court must award such alimony as appears "just and equitable," having regard to the conditions in which the parties will be left by the divorce. See NRS 125.150(1)(a).
This court has articulated seven relevant factors in determining the appropriate alimony award in a divorce case: (1) the wife's career prior to marriage; (2) the length of the marriage; (3) the husband's education during the marriage; (4) the wife's marketability; (5) the wife's ability to support herself; (6) whether the wife stayed home with the children; and (7) the wife's award, besides child support and alimony. Fondi v. Fondi, 106 Nev. 856, 862-64, 802 P.2d 1264, 1267-69 (1990).
In the instant case, Barbara was a licensed practical nurse prior to her marriage, but consequently gave up her career in order to take care of the children and household duties. She no longer wishes to practice nursing, and even if she did, would likely need additional coursework as she has not practiced nursing for many years.
Further, the parties were married for almost 22 years and Barbara was 44 years old at the time of the divorce. Barbara's current marketability is not promising and although she has completed 90 university credits toward her undergraduate degree, such a degree will not guarantee her a career, much less a salary allowing her and her family to live in the manner to which they have become accustomed. By, on the other hand, while never having completed college, has developed the business acumen which has provided him with a thriving business and substantial assets.
The only factor appearing to favor Barbara is the district court's award of other assets. The most substantial asset awarded Barbara was a 25 percent interest, valued at $837,408, in a partnership known as the Sprenger Property, owned by Barbara, By and By's parents. While at first blush the awarded interest in this partnership appears substantial, the record raises serious doubts regarding the extent to which Barbara will actually benefit from the award.
It is undisputed that Barbara possesses a minority, noncontrolling interest in the Sprenger property and that the partnership is controlled by By and his parents. Barbara has no management control over the partnership and under the existing partnership agreement has no right to receive income from the partnership. By and his parents might decide to distribute some or all of the partnership earnings in one year and none the next. Then again, they may decide to continually reinvest partnership income. In short, Barbara is at the mercy of By and his parents with respect to whether or not she will receive any income from this partnership. She should not be required to depend on By and his parents' largesse for her living.
Considering the relevant factors cited above, the district court's award of alimony in the instant case is clearly an abuse of discretion. See Rutar v. Rutar, 108 Nev. 203, 827 P.2d 829 (1992); Johnson v. Steel Incorporated, 94 Nev. 483, 581 P.2d 860 (1978). We therefore remand this case to the district court with instructions to both increase and extend Barbara's alimony award such that Barbara is able to live "as nearly as fairly possible to the station in life she enjoyed before the divorce" for the rest of her life or until she remarries or her financial circumstances substantially improve. See *288 Heim v. Heim, 104 Nev. 605, 612-13, 763 P.2d 678, 683 (1988).
Barbara next argues that the district court's equal distribution of community property was not just and equitable pursuant to NRS 125.150(1)(b).[1] Relying primarily on McNabney v. McNabney, 105 Nev. 652, 782 P.2d 1291 (1989), she asserts that she should have been awarded a greater than fifty percent interest in the community property.
In McNabney, this court stated that there are numerous examples in which "equal division is not equitable," and that "the preeminent example is that of the wife and mother in a long-term marriage who has given up career opportunities to devote herself to her family." 105 Nev. at 660, 782 P.2d at 1296. We stated that "very frequently justice and equity will require a divorce court to adjust community property in an unequal manner in these cases." Id. In light of our holding regarding the alimony award, we reject Barbara's contention that she is entitled to a greater than fifty percent interest in the community property.
Barbara also argues that the district court erred in awarding By the remaining portion of a coin collection as his sole and separate property. Prior to and during the course of the marriage, By acquired a sizable collection of valuable coins, which at the time of trial had an estimated value of $75,000.
During the November 1991 divorce proceedings, the district court discovered that Barbara had failed to obey its order to place the collection in a safety deposit box. Upon conducting an inventory of the coins and listening to the claims of the parties, the district court determined that Barbara had taken and sold some of the coins from the collection. The district court therefore held that Barbara had sold any share of her claim in the coin collection and awarded the remainder of the collection to By. We hold that the district court did not err in its award.
Finally, Barbara contends that the district court's award of attorney's fees was insufficient. Pursuant to NRS 125.150(3), the district court ordered By to pay $10,000 of Barbara's attorney's fees in addition to any sums already paid. The award of attorney's fees in divorce proceedings lies within the sound discretion of the trial judge. Schwartz v. Schwartz, 107 Nev. 378, 386, 812 P.2d 1268, 1273 (1991). The district court acted within its discretion in its award of attorney's fees and we will not disturb the award on appeal.
We remand this case to the district court to increase and extend Barbara's alimony award in a manner consistent with this opinion.[2]
SPRINGER, J., concurs in the result only.
NOTES
[1] At the time of the final order, NRS 125.150(1)(b) required that the court make such disposition of the community properties

as appears just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by the divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children.
The legislature has since amended NRS 125.150, effective October 1993. See 1993 Nev.Stat. ch. 135, § 1 at 240.
[2] The Honorable Cliff Young, Justice, voluntarily recused himself from participation in the decision of this appeal.