OPINION
By the Court,
Springer, J.:
This is an appeal by a custodial parent who claims that the family court misapplied the child-support formula set out in NRS 125B.070. The custodial parent, appellant Lee Ann Garrett, has two children. The statute specifies that a non-custodial parent shall pay “[f]or two children, 25 percent ... of that “parent’s *973 gross monthly income, but not more than $500 per month per child . . . unless the court sets forth findings of fact as to the basis for a different amount pursuant to subsection 6 of NRS 125B.080.”
In accordance with NRS 125B.070, the family court set the statutory “obligation for support” at “$500 per month per child,” a total for the two children of $1,000.00 per month. NRS 125B.080(6) authorizes the family court to make a support award that “is greater or less than the amount which [is] established under the applicable formula.” In the present case $1,000.00 is the amount that the court properly “established under the applicable formula.” The “established” amount is “presumed” to meet “the basic needs of a child” (NRS 125B.080(5)); but, under NRS 125B.080(6), the court has the discretion to award an amount that is “greater or less” than the “established” amount, provided that the court sets forth “findings of fact as to the basis for the deviation” from the established amount.
In the present case the family court decided that it was appropriate to make a “deviation” from the established amount of $1,000.00 per month and, in accord with NRS 125B.080(6), awarded an amount that was “less than the amount which would be established under the applicable formula,” namely, $700.00 per month. In making this deviation from the established amount of $1,000.00, the trial court made the required findings of fact to support the deviation, based on the court’s evaluation of factors set out in NRS 125B.080(9), factors which included the noncustodial parent’s travel expenses, the relative income of the parties, and the relative amounts of time the children spend with the parents.
The custodial parent maintains, in effect, that the amount “established” by the formula in this case should be $1,354.16 per month and not the $1,000.00 per month used by the family court, and that any “deviation” from the formula should be taken from the larger amount. We reject this contention because the so called “cap” of $500.00 per month is clearly the amount that is established by the NRS 125B.070 formula “unless” the court decides to award a “different amount pursuant to subsection 5 of NRS 125B.080.”[1] Unless, then, the court were to have decided *974 upon a “different amount,” a $500.00 per month award is the basic, “established” or presumptive amount, the starting point from which the court must begin its calculations in furtherance of any award that might be “greater or less” than the amount “established under the applicable formula.”
If we were to accept a different rule, then the established amount would be different in every case in which the calculated percentage of gross income exceeded the $500.00 cap; and this would be contrary to the express wording of the statute, which provides that an award shall not be more than $500.00 per child unless the facts support a “deviation” from this amount.
The family court judge in this case followed the directions of the statute exactly, and we find no error in the manner in which she proceeded, nor do we find any abuse of discretion on her part.[2] The judgment of the family court is affirmed.
Steffen, C. J., and Young, J., concur.

Although, as suggested in the text, ignoring the $500.00 cap when determining the “established” amount would probably make no practical difference in the amount of deviation upwards or downwards in these kinds of cases, the legislature may still, of course, wish to change the law to provide that the deviation must be made from the actual percentage of gross income rather than from the $500.00 cap.

It should be noted that the appellant in this case has made no showing that the result in this case would have been any different had the family court judge started her calculations from the $1,354.16 figure rather than from the statutorily “established” figure of $1,000.00; thus, even if her interpretation of the statute were accepted, appellant has shown no prejudice, and we would have to affirm the judgment of the family court. As a practical matter, it would not appear to make very much difference where the starting point is in cases where the family court is asked to deviate either upwards or downwards from the formula. The formula is presumptively correct; but when the formula amount is made to appear to be inappropriately high or inappropriately low, the family court judge has some discretion to award an amount that is “greater or less” than the formula amount. If the family court is claimed to have abused its discretion in making this “deviation,” the court’s judgment is reviewable on appeal irrespective of the starting point that the family court used in making its calculations as to what was a fair and adequate child support award.