OPINION
By the Court,
Shearing, J.:
Sandra D. Wright and David L. Osburn were married in April 1982 and divorced in March 1996. They had three children: *1368 Robert, born February 1984; Lindsay, born October 1986; and Alexandra, born July 1989. At the time of their marriage, Sandra and David were attending Brigham Young University. In 1983, Sandra obtained a degree in design and David obtained a degree in business and finance. After graduating, Sandra worked while David obtained his masters degree in business administration. Sandra became a full-time homemaker in 1984 after the birth of their first child. David was employed by Bank of America, where he remained at the time of trial. David also teaches accounting at the community college.
The district court awarded the parties joint legal and physical custody of their three children, with physical custody of the children rotated weekly. The district court ordered David to pay Sandra $100 per month per child for child support and $500 per month for five years in rehabilitative spousal support but denied an award for attorney fees. Sandra appeals those portions of the order regarding child support, spousal support and attorney fees.
The child support ordered by the district court was the minimum specified under NRS 125B.070(1), despite the fact that the evidence showed that David’s monthly income was $5,177 per month, while Sandra’s income was $1,600 per month. While the district court articulated the necessity of “attempt[ing] to maintain comparable lifestyles for the children between the parents’ respective households” when the parents have joint physical custody, its order is at odds with this goal.
In Barbagallo v. Barbagallo, 105 Nev. 546, 779 P.2d 532 (1989), this court discussed the difficulty of fairly allocating child support responsibilities between divorced parents with disparate incomes who share equal physical custody of their children. Unfortunately, Barbagallo did not choose to follow the guidance set forth by the legislature in NRS Chapter 125B as to how the child support responsibilities should be allocated when parents share physical custody equally. The result has been that decisions of the district courts vary widely on similar facts.
This court now returns to the language in NRS Chapter 125B for determining the appropriate allocation of child support in shared physical custody arrangements. In NRS 125B.020 and NRS 125B.070, the legislature set forth an objective standard with regard to the support of minor children. These measures, when read together, require each parent to provide a minimum level of support for his or her children, specified by the legislature as a percentage of gross income, depending on the number of children and absent special circumstances. NRS 125B.020 and 125B.070. This requirement is independent of the custody arrangements. Therefore, when custody is shared equally, the determination of *1369 who receives child support payments and the amount of that payment can be determined as follows: Calculate the appropriate percentage of gross income for each parent; subtract the difference between the two and require the parent with the higher income to pay the parent with the lower income that difference. In this case, with three children, we would take twenty-nine percent of $1,600, Sandra’s monthly income, and twenty-nine percent of $5,177, David’s monthly income and subtract the difference. In this case, David would be required to pay Sandra $1,037 each month. This approach embodies the legislative enactment, and provides the uniformity and predictability which was the legislative aim. Of course, the district court also has the option to adjust the amount of the award where special circumstances exist. See NRS 125B.080(9).
Regarding the award of spousal support, the legislature has failed to set forth an objective standard for determining the appropriate amount. Absent such a standard, there appears to be a disparity in the awards for spousal support on similar facts even greater than for child support. In Sprenger v. Sprenger, 110 Nev. 855, 859, 878 P.2d 284, 287 (1994), this court set forth factors for the district court to consider in its determination, but the weight to be given each of the factors is left to the discretion of the district court.
In this casé, the district court awarded Sandra rehabilitative spousal support of $500 per month for five years. She had earned a degree in design years ago, but she had not worked in the field for the thirteen years of their marriage. In fact, at the time of the divorce she was employed as a secretary. Sandra had been a homemaker and primary caretaker for the parties’ three children during their marriage. She enabled David to obtain an advanced degree and establish a career. David purchased a large home after the divorce, but Sandra was unable to do so and lives in an apartment. It appears very unlikely that in five years, Sandra will be able to earn an income that will enable her to either maintain the lifestyle she enjoyed during the marriage or a lifestyle commensurate with, although not necessarily equal to, that of David, at least until she remarries or her financial circumstances substantially improve. Id. at 860, 878 P.2d at 287. Considering the relevant factors for determining an appropriate spousal support award outlined in Sprenger, it does not appear that the district court’s award was “just and equitable,” having regard to the conditions in which the parties will be left by the divorce. See NRS 125.150(1)(a). Therefore, we conclude that the district court abused its discretion in ordering spousal support of only $500 per month for five years.
*1370 The disparity in income is also a factor to be considered in the award of attorney fees. It is not clear that the district court took that factor into consideration.
For the foregoing reasons, we reverse those portions of the district court’s decree setting child support, spousal support and denying attorney fees and remand this case to the district court for reevaluation of child support, spousal support and attorney fees.
Rose, Young, and Maupin, JJ., concur.