CASSANDRA WESLEY, APPELLANT, *v.*
ANTHONY FOSTER, RESPONDENT.

No. 38639

March 21, 2003                                    65 P.3d 251

---

*David J. Roger,* District Attorney, and *Beth E. Ford,* Deputy District Attorney, Clark County, for Appellant.

*Anthony Foster,* Henderson, in Proper Person.

Before SHEARING, LEAVITT and BECKER, JJ.

## OPINION

*Per Curiam:*

In this appeal, we examine whether the statutory presumptive maximum for child support, as provided in NRS 125B.070,[1] should be applied to the support obligation before, or after, application of the calculation set forth in *Wright v. Osburn*[2] for shared custodial arrangements. We conclude that the *Wright* calculation should be

---

[1] The version of NRS 125B.070 that applies in this opinion is the statute in effect through June 30, 2002, providing a presumptive maximum of $500 per month per child. The new version of the statute, effective July 1, 2002, provides a different presumptive maximum amount to each income range, ranging from a presumptive maximum amount of $500 to $800. The new statute also requires that the income range and maximum amounts be adjusted on July 1 of each year based upon the increase or decrease in the Consumer Price Index.

[2] 114 Nev. 1367, 970 P.2d 1071 (1998).

performed before application of the presumptive maximum support obligation.

## FACTS AND PROCEDURAL HISTORY

In 1995, Cassandra Wesley and Anthony Foster had a child out of wedlock. Shortly thereafter, paternity was established and child support was set.

On November 15, 2000, Wesley requested a three-year review and modification of child support, pursuant to NRS 125B.145(1)(b); a hearing was conducted. Foster's gross monthly income was determined to be $5,417. Wesley's gross monthly income was determined to be $1,417. The hearing master calculated the appropriate percentage of each parent's income, subtracted Wesley's obligation from Foster's, pursuant to *Wright,* and then applied the statutory presumptive maximum (the cap), as provided by NRS 125B.070(1)(b).

Shortly thereafter, Foster filed an objection to the hearing master's recommendation and order, arguing that the child support court's decision was clearly erroneous because the cap should have been applied before performing the *Wright* calculation. Following a hearing, the district court agreed with Foster's approach and reset his support obligation.

Wesley appealed the district court's ruling, contending that in shared custody arrangements, the cap should be applied after the *Wright* calculations. We now take this opportunity to clarify our ruling in *Wright.*

## DISCUSSION

NRS 125B.020(1) provides that parents have a duty to support their children. NRS 125B.070(1)(b) provides a formula for calculating child support based on a percentage ''of a parent's gross monthly income, but not more than $500 per month per child . . . unless the court sets forth findings of fact as to the basis for a different amount pursuant to subsection 6 of NRS 125B.080.'' These two statutes, taken together, set forth an objective standard for establishing child support.[3]

In *Wright,* this court established a formula for determining which parent receives child support and the amount of support in situations where custody is shared equally.[4] The district court must ''[c]alculate the appropriate percentage of gross income for each

---

[3]*See Wright,* 114 Nev. at 1368, 970 P.2d at 1072.

[4]*Id.* at 1368-69, 970 P.2d at 1072.

parent; subtract the difference between the two and require the parent with the higher income to pay the parent with the lower income that difference."[5] In *Wright,* we did not specifically address the question of when application of the statutory presumptive maximum should occur.[6]

The *Wright* offset should take place before, not after, application of the cap. This conclusion supports "the general philosophy of NRS 125B.070, which is to make sure adequate monthly support is paid to our children."[7]

As we have previously stated, the fixed child-care expenses incurred by each parent are usually not appreciably diminished as a result of shared custody.[8] "The sad reality that must be faced is that the desirable sharing of custody responsibilities by [another] custodian in joint custody situations has the inevitable result of increasing total child-related expenses."[9] Nonetheless, we must still attempt to maintain the comparable lifestyle of the child between the parents' households.[10]

In this case, there is a disparity in the gross monthly income of the two parents. Consistent with our holding in *Wright,* Wesley's percentage of gross monthly income should first be subtracted from Foster's percentage of gross monthly income.[11] Then, after this offset is made, the cap should be applied.[12] "Of course, the district court also has the option to adjust the amount of the award where special circumstances exist."[13]

## CONCLUSION

We hold that in shared custodial arrangements, the *Wright* offset should be applied prior to application of the statutory cap. The dis-

---

[5]*Id.* at 1369, 970 P.2d at 1072.

[6]*See id.* In *Wright,* we applied the applicable percentage to each parent's gross income and subtracted the lower obligation from the higher obligation. The father's obligation was $1 over the presumptive maximum before subtracting the mother's obligation.

[7]*Garrett v. Garrett,* 111 Nev. 972, 976, 899 P.2d 1112, 1115 (1995) (ROSE, J., dissenting).

[8]*Barbagallo v. Barbagallo,* 105 Nev. 546, 549, 779 P.2d 532, 535 (1989).

[9]*Id.*

[10]*See Wright,* 114 Nev. at 1368, 970 P.2d at 1072.

[11]18% of $1,417.00 = $255.06. 18% of $5,417.00 = $975.06. Applying the offset, $975.06 minus $255.06 = $720.00, Foster's child support obligation prior to application of the cap.

[12]The version of NRS 125B.070 in effect at the time of the petition for modification provided a $500 cap. Therefore, Foster's obligation for support payments to Wesley is $500 per month.

[13]*Wright,* 114 Nev. at 1369, 970 P.2d at 1072 (citing NRS 125B.080(9)).

trict court erred by applying the cap prior to performing the offset. Accordingly, we reverse the order of the district court and remand this case for further proceedings consistent with this opinion.