An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANGELA J. NUNLEY,
Appellant,
vs.
JOE NUNLEY,
Respondent.

No. 60834



FILED

OCT 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court divorce decree. Eighth Judicial District Court, Family Court Division, Clark County; William S. Potter, Judge.

The parties were married for 21 years and had two children. Appellant worked off and on throughout the marriage, but primarily was a homemaker. The parties lived separately for 16 months before filing the divorce complaint, and during the separation one of the children became emancipated. In the divorce decree, the district court awarded appellant spousal support for 150 months and child support, but the court denied appellant's requests for temporary spousal support and child support for the period when the parties lived separately and denied her request for attorney fees. This appeal followed.

In regard to appellant's argument that the district court abused its discretion by denying her request for child support and temporary spousal support for the period when the parties lived separately, the record demonstrates that appellant, through her then counsel, initially conceded that respondent had provided financial support during the separation. But later, appellant disputed this contention in

13-31284

response to evidence submitted by respondent that indicated that he had been providing such support. In reviewing appellant's request, the district court found, and the record demonstrates, that there was conflicting evidence presented regarding how much support respondent provided appellant during the separation period. After reviewing this evidence, the district court ultimately concluded that it was unable to determine if any child support or temporary spousal support was owed based on the conflicting evidence, and therefore, the court denied appellant's request. As this court will not reweigh the evidence or witness credibility when conflicting evidence is presented, *see Castle v. Simmons*, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004), we conclude that the district court did not abuse its discretion in denying appellant's request for child support or temporary spousal support for the period when the parties lived separately. *See Edgington v. Edgington*, 119 Nev. 577, 588, 80 P.3d 1282, 1290 (2003) (providing that this court reviews a district court's award of child support for an abuse of discretion); *Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 919 (1996) (explaining that this court will not overturn a district court's spousal support award absent an abuse of discretion).

Appellant also argues that the district court abused its discretion in awarding her spousal support for only 150 months, asserting that it should have awarded her lifetime support because she is disabled and unable to work. Appellant argues that she is unable to receive social security disability benefits as she did not work for a long enough period to receive such benefits. But appellant makes both the social-security-benefits-based argument and the request for lifetime spousal support payments for the first time on appeal, and thus, these arguments are not

properly before us and we will not consider them in resolving this appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (stating that this court will not consider an argument raised for the first time on appeal). Further, it was within the district court's discretion to award appellant spousal support for 150 months, and thus, no abuse of its discretion occurred in making that award. *See Wolff*, 112 Nev. at 1359, 929 P.2d at 919 (explaining that this court will not overturn a district court's spousal support award absent an abuse of discretion).

Lastly, appellant contends that the district court abused its discretion in denying her request for attorney fees. The record shows that in a pre-divorce decree order, the district court denied appellant's request for attorney fees because she had used the parties' joint tax return to pay her attorney. To the extent that appellant purports to challenge this ruling, we find no abuse of discretion in the denial of appellant's request for attorney fees on this basis. *See Sprenger v. Sprenger*, 110 Nev. 855, 861, 878 P.2d 284, 288 (1994) (noting that "[t]he award of attorney's fees in divorce proceedings lies within the sound discretion of the trial judge"). While the divorce decree itself also states that appellant is denied attorney fees, it is unclear whether this ruling merely reiterates the earlier, pre-divorce decree denial of attorney fees, or rejects a subsequent request for attorney fees made by appellant. Appellant's arguments on appeal do not clarify this point and there is nothing in the record indicating that appellant made any additional request for attorney fees. Under these circumstances, we will not disturb the district court's ruling regarding appellant's attorney fees request. *See id.*; *see also Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (providing that appellant has the duty to present a complete record on appeal and

that this court will presume that matters not in the record support the district court's decision).

For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. William S. Potter, District Judge, Family Court Division
       Angela J. Nunley
       James E. Smith
       Eighth District Court Clerk

---

[1]Having considered appellant's remaining arguments, we conclude that they lack merit.