An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL TIEMAN,
Appellant,
vs.
PAOLA TIEMAN,
Respondent.

No. 64173

**FILED**

JUL 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court divorce decree. Eighth Judicial District Court, Clark County; Jack B. Ames, Judge.

The parties were married for six years and have two minor children. During the divorce proceeding, the parties stipulated to child custody and child support. After an evidentiary hearing on the remaining issues, the district court entered a divorce decree that awarded respondent $2,000 per month in spousal support for 24 months, distributed the parties' property, and awarded respondent $20,000 in attorney fees. This appeal followed.

On appeal, appellant first argues that the spousal support award was improper because respondent was willfully underemployed, respondent had received "sums of money" in the property distribution, and the district court did not make a proper determination as to appellant's income. The district court is given broad discretion in determining a spousal support award. *Robison v. Robison*, 100 Nev. 668, 674, 691 P.2d 451, 456 (1984); *see* NRS 125.150(1) (stating that in granting a divorce, a district court may make a spousal support award that is just and equitable); *see also* NRS 125.150(8) (listing considerations the district

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24086

court must make when determining a spousal support award, including the financial condition of each spouse, income and earning capacity of each spouse, and the contribution of either spouse as homemaker). This court will affirm a spousal support award if it is supported by substantial evidence. *Devries v. Gallio*, 128 Nev. ___, ___, 290 P.3d 260, 263 (2012) (defining substantial evidence as "'that which a sensible person may accept as adequate to sustain a judgment.'" (quoting *Williams v. Williams*, 120 Nev. 559, 566, 97 P.3d 1124, 1129 (2004))).

In awarding spousal support, the district court found that respondent is originally from Peru and was trained there as an attorney. After marrying appellant and moving to the United States, respondent had two children and began working part-time for Deseret Industries making $1,215 per month and earning an additional $300 per month from babysitting. Respondent's ability to speak English is limited, and she is not licensed as an attorney in Nevada. As for appellant's income, the district court found that he owned a successful business. While the district court found that it was unable to determine appellant's "true" income because he kept insufficient business records, the court considered expert testimony introduced by respondent concerning appellant's income and revenue from his business. The record as a whole demonstrates that the district court considered the relevant factors and did not abuse its discretion in awarding spousal support.[1]

---

[1]Appellant requested a transcript of the evidentiary hearing, but failed to serve the court reporter, or pay for the transcripts. NRAP 9(a)(3)(B), (4). Appellant has the burden of providing this court with an adequate appellate record, *see Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981), and any evidence not
*continued on next page . . .*

Next, appellant contends that the district court allowed respondent to submit several late filings. Appellant fails to identify how he was prejudiced or harmed by any late filings, nor does he request any relief. Thus, any error was harmless and does not warrant reversal. NRCP 61; *Wyeth v. Rowatt*, 126 Nev. ___, ___, 244 P.3d 765, 778 (2010) (stating that an error that does not affect a party's substantial rights does not warrant reversal).

Finally, appellant contends that the district court abused its discretion in awarding respondent $20,000 in attorney fees in addition to the attorney fees previously awarded and that the award was not reasonable under *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349-50, 455 P.2d 31, 33 (1969). Having reviewed the record, we conclude that the district court was presented with sufficient evidence and arguments relating to the amount of attorney fees and the *Brunzell* factors to make its determination and that the district court referred to *Brunzell* in the decree. Additionally, the record demonstrates that respondent's attorney was an able advocate, the work was difficult, the result was favorable to respondent, and counsel provided respondent with a significant amount of services. The record also demonstrates a disparity of income between the parties. *See* NRS 125.150(3) (giving the district court authority to grant attorney fees in divorce proceedings); *Miller v. Wilfong*, 121 Nev. 619, 624-25, 119 P.3d 727, 731 (2005) (finding attorney

---

*. . . continued*

provided in the record on appeal is presumed to support the district court's decision. *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007).

SUPREME COURT
OF
NEVADA

(O) 1947A

3

fee awards reasonable when the record supported the *Brunzell* factors and the district court found an income disparity); *Wright v. Osburn*, 114 Nev. 1367, 1370, 970 P.2d 1071, 1073 (1998) (finding disparity of income a factor of consideration when awarding attorney fees). Thus, the district court's award of attorney fees was reasonable and not an abuse of discretion.

For the reasons stated above, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Chief Judge, The Eighth Judicial District Court
Hon. Jack B. Ames, Senior Judge
Michael Tieman
Radford J. Smith, Chtd.
Eighth District Court Clerk

---

[2]To the extent appellant challenges the district court's refusal to modify the spousal support award, based on a change in income after this appeal was filed, that issue is not properly before this court.