**131 Nev., Advance Opinion 14**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MICHAEL M. BLUESTEIN,<br>Appellant,<br>vs.<br>ELLEN G. BLUESTEIN, N/K/A ELLEN<br>GREEN, N/K/A ELLEN GREEN-<br>MILLER,<br>Respondent. | No. 62308 |



FILED

MAR 26 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a post-divorce decree order regarding child custody. Eighth Judicial District Court, Family Court Division, Clark County; Cheryl B. Moss, Judge.

*Reversed and remanded.*

Urban Law Firm and Seth T. Floyd, Las Vegas,
for Appellant.

McFarling Law Group and Emily M. McFarling, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, DOUGLAS, J.:

In this child custody case, the parties entered into an agreement for joint custody at the time of their divorce, and seven years

later the mother requested that the district court modify the child custody designation to provide her with primary physical custody, so as to modify child support, in accordance with *Rivero v. Rivero*, 125 Nev. 410, 216 P.3d 213 (2009). *Rivero* established a workable formula to assist courts in determining when a joint physical custody arrangement exists by providing that if each parent had physical custody of the child at least 40 percent of the time, they shared joint physical custody. Here, the mother requested that the district court modify the joint custody designation to provide her with primary physical custody because the father did not have the child at least 40 percent of the time under the parties' custodial agreement. The district court granted the mother's request based on the amount of time the father had the child each week but failed to consider whether the modification was in the child's best interest.

We hold that a district court has authority to review and modify a custodial agreement once a modification request is made by either party. We further hold that the child's best interest must be the primary consideration for modifying custody and *Rivero*'s 40-percent guideline shall serve as a tool in determining what custody arrangement is in the child's best interest. Because the district court did not consider the child's best interest when modifying custody, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Ellen and Michael Bluestein were married for 13 years and had one child together. In 2004, they entered a stipulated divorce decree, which provided that Michael would have the child from 5 p.m. on Thursday to 9:30 a.m. on Sunday, Ellen would have the child the rest of

the week, and the parties would alternate custody on holidays. The decree did not identify whether this arrangement was joint or primary physical custody, but one month after the divorce decree was entered, the parties filed a parenting agreement that was adopted by the court and provided that they shared joint legal and physical custody of the child. As for child support, it was not addressed in either the divorce decree or the parenting agreement, and the parties indicated that neither party was obligated to pay support.

In 2011, Michael began receiving public assistance and the Nevada Department of Health and Human Services, through a proceeding separate from the divorce matter, sought reimbursement from Ellen for a portion of the state aid received by Michael as her child support obligation.[1] A hearing master recommended that Ellen reimburse the state $82 each month for child support. Ellen objected to the master's recommendation and filed the underlying motion in the divorce matter requesting that the district court designate her as the child's primary physical custodian in accordance with *Rivero*, 125 Nev. 410, 216 P.3d 213, which was decided after the court adopted the parties' parenting

---

[1]The physical custody arrangement governs the child support award. When parties share joint physical custody of a child, the higher-income parent is obligated to pay the lower-income parent the difference between the parents' statutorily calculated child support amounts. *Rivero*, 125 Nev. at 437, 216 P.3d at 232; *Wright v. Osburn*, 114 Nev. 1367, 1368-69, 970 P.2d 1071, 1072 (1998). When one parent has primary physical custody, the noncustodial parent must pay child support based on the statutory formulas. *See* NRS 125B.070; NRS 125B.080; *Rivero*, 125 Nev. at 436, 216 P.3d at 231.

agreement. Ellen argued that Michael only had the child 38 percent of the time under the agreed custodial arrangement.

The district court held a hearing on Ellen's motion and considered, among other evidence, the child's statement that for as long as the child could remember, Michael's custodial time lasted from 5 p.m. on Thursdays until 9:30 a.m. on Sundays. Based on that evidence and the timeshare set forth in the parties' agreement, the district court entered an order concluding that Ellen had primary physical custody of the child because Michael had the child only 38.393 percent of the time. The court further stated that even if it were to assume that Michael picked the child up from school on Thursdays, thereby adding two extra hours to his weekly timeshare, his resulting total timeshare would only be 39.583 percent.

Upon Michael's motion for reconsideration, the district court held an evidentiary hearing. Because Thursday was the only custodial day in dispute at that point, the court heard evidence regarding the time that each party spent with the child and their responsibilities regarding the child on Thursdays. After the hearing, the district court entered an order providing that "only one parent should be assigned as the custodial parent on Thursdays . . . [and] the mother was the primary parent who provided supervision for the child and made decisions regarding the child for the majority of the time on Thursdays." Thus, the court designated Ellen as the child's primary physical custodian. The court's order did not state whether this modification was in the child's best interest. Instead, the court rested the decision on its factual determination that Ellen had the child 260 days and Michael had the child 105 days in 2011, and therefore, Ellen had primary physical custody. The court remanded the

matter to the child support master for further determination as to child support. Michael appeals and challenges the designation of Ellen as the child's primary physical custodian.

## DISCUSSION

### Modifying custody agreements

On appeal, we must decide whether the district court properly modified an agreed-upon custodial arrangement in accordance with *Rivero*, 125 Nev. 410, 216 P.3d 213; NRS 125.480(1); and NRS 125.510(2). As a threshold matter, we must determine whether the district court appropriately considered Ellen's motion when she did not request a change in the parties' timeshare arrangement, and instead, only requested a change in the custody designation. Michael argues that because Ellen did not request a change in the actual timeshare, the district court lacked authority to modify custody and should have enforced the agreement as written.

Public policy encourages parents to enter into private custody agreements for co-parenting. *See St. Mary v. Damon*, 129 Nev. ___, ___, 309 P.3d 1027, 1035-36 (2013); *Rennels v. Rennels*, 127 Nev. ___, ___, 257 P.3d 396, 399 (2011). As such, parties in family law matters are free to contract regarding child custody, and such agreements are generally enforceable. *Rivero*, 125 Nev. at 429, 216 P.3d at 226-27 (acknowledging that courts will generally enforce parenting agreements as long as "they are not unconscionable, illegal, or in violation of public policy"). The terms upon which the parties agree will control until one or both of the parties move the court to modify the custody agreement. *Id.* at 429, 216 P.3d at 226. "[O]nce parties move the court to modify an existing child custody

agreement, the court must use the terms and definitions provided under Nevada law, and the parties' definitions no longer control." *Id.* at 429, 216 P.3d at 227.

In this case, the parties' agreement to share joint physical custody controlled until Ellen filed her motion requesting that the district court modify the custody agreement and designate her as the primary physical custodian. While Ellen did not request a modification of the actual timeshare arrangement, by requesting a modification to the physical custody designation, she was asking the district court to review the parties' child custody agreement and apply current Nevada law. Therefore, we conclude that once Ellen filed her motion, the district court had authority to review the parties' timeshare arrangement, determine whether the parties shared joint physical custody under Nevada law, and modify the agreement accordingly. *See Rennels*, 127 Nev. at ___, 257 P.3d at 399 (explaining that this court reviews purely legal matters de novo).

*Child's best interest is paramount when modifying custody*

Once the issue of custody is brought before the court, the standards under Nevada law for modifying custody control. When modifying a joint custody agreement, the court must consider whether such modification is in the child's best interest. NRS 125.510(2). Instead of considering the child's best interest in interpreting and modifying the parties' custodial arrangement here, the district court applied *Rivero*'s 40-percent guideline to determine if Michael had the child at least 40 percent of the time, and therefore, shared joint physical custody of the child with Ellen without considering the child's best interest.

In *Rivero*, the parties had agreed to joint physical custody during their divorce but had created a timeshare arrangement where the

mother had the child five days each week. 125 Nev. at 418, 216 P.3d at 219. A year after the divorce, the mother filed a motion requesting that the court recognize that she had de facto primary physical custody or, in the alternative, modify custody. *Id.* The father filed a countermotion requesting a modification to the timeshare arrangement to reflect the parties' agreement to share joint physical custody. *Id.* The district court concluded that the parties had intended a joint physical custody arrangement and thus ordered a modification to give the parties an equal timeshare. *Id.* at 419, 216 P.3d at 220.

On appeal, in recognizing that the Nevada Legislature had not explicitly defined joint custody, this court set forth parameters for the purpose of clarifying which timeshare arrangements qualified as joint physical custody. *Id.* at 423, 216 P.3d at 222-23. This court began by recognizing that "'[i]n determining custody of a minor child . . . the sole consideration of the court is the best interest of the child.'" *Id.* at 423, 216 P.3d at 223 (alteration in original) (quoting NRS 125.480(1)). Further, it is in the child's best interest to "'have frequent associations and a continuing relationship with both parents . . . and [t]o encourage such parents to share the rights and responsibilities of child rearing.'" *Id.* (alterations in original) (quoting NRS 125.460). As such, there is a presumption that joint physical custody is in the best interest of the child if the parties agree. *Id.*; NRS 125.490(1). While a joint physical custody arrangement presumes a 50/50 timeshare, this court acknowledged that "there must be some flexibility in the timeshare requirement." *Rivero*, 125 Nev. at 424-25, 216 P.3d at 223-24.

*Rivero* provided a guideline to assist courts in determining when a timeshare arrangement qualifies as joint physical custody. *Id.* at

426, 216 P.3d at 224 (explaining that "we adopt this *guideline* to provide needed clarity for the district courts" (emphasis added)). This court held that if each parent had physical custody of the child at least 40 percent of the time, equal to at least 146 days over one calendar year, the parents shared joint physical custody. *Id.* at 427, 216 P.3d at 225. Regardless of this guideline, we reiterated that in custody matters, the child's best interest is paramount. *Id.* (providing that "absent evidence that joint physical custody is not in the best interest of the child, if each parent has physical custody of the child at least 40 percent of the time, then the arrangement is one of joint physical custody").

In this case, the district court strictly applied *Rivero*'s 40-percent guideline as the sole factor in deciding Ellen's motion to modify the parties' custody agreement. Absent from the court's order was any findings or evaluation of whether the modification is in the child's best interest. *See* NRS 125.510(2) (prohibiting a modification of a custodial arrangement unless the modification is in the child's best interest). Instead, the court focused on the exact time each parent spent with the child to arrive at the conclusion that Michael had physical custody just a fraction short of 40 percent, and thus, Ellen was the child's primary physical custodian.

We take this opportunity to clarify that our decision in *Rivero* was intended to provide consistency in child custody determinations, but it was never meant to abrogate the court's focus on the child's best interest. Thus, *Rivero*'s 40-percent guideline should not be so rigidly applied that it would preclude joint physical custody when the court has determined in the exercise of its broad discretion that such a custodial designation is in the child's best interest. *See Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d

239, 241 (2007) (providing that the district court has broad discretionary powers when resolving issues of child custody). Considering the child's best interest is especially important in a case such as this where the district court has determined that one parent has the child almost 40 percent of the time and the timeshare allows the child frequent associations with both parents. *See* NRS 125.460(1) (providing that Nevada's policy is to "ensure that minor children have frequent associations and a continuing relationship with both parents after the parents . . . have dissolved their marriage"). Further, when a party is seeking a modification to the custodial designation solely to receive a decrease in his or her child support obligation, it is vital that the district court consider whether such modification is in the child's best interest. *See, e.g., Rivero*, 125 Nev. at 431, 216 P.3d at 228 (explaining that the district court can modify a child support order if there has been a change in circumstances and such modification is in the best interest of the child); *see also* NRS 125B.030 (providing that the parent with physical custody may recover child support from the noncustodial parent).

Here, the district court abused its discretion by failing to set forth specific findings that modifying the parties' custodial agreement to designate Ellen as primary physical custodian was in the best interest of the child. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543

(1996) (this court reviews a district court's decision concerning custody for an abuse of discretion). On that basis, we reverse the district court's order and remand for further proceedings consistent with this opinion.

_____, J.
Douglas

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A