# IN THE SUPREME COURT OF THE STATE OF NEVADA

LIBORIUS AGWARA,
Appellant,
vs.
KELECHI AGWARA,
Respondent.

No. 67713

FILED

JAN 25 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a divorce decree. Eighth Judicial District Court, Clark County; Vincent Ochoa, Judge.

Appellant Liborius Agwara (Liborius), and respondent Kelechi Agwara (Kelechi) divorced after 27 years of marriage. Liborius, a licensed attorney in the State of Nevada, and Kelechi, a registered nurse, held assets in the United States and in Nigeria. During divorce proceedings, the district court struck Liborius' pleadings and entered a default against him, as a discovery sanction for his willful failure to comply with discovery. The district court then ordered Liborius to pay Kelechi a lump sum of $420,000 in spousal support, $160,000 in attorney fees, and $36,960 as reimbursement for Liborius' unauthorized gifts to third parties using community funds. Finally, the district court credited Liborius with all community property in Nigeria, valued at $2,570,000, and offset this amount when equalizing the parities' community estate in the United States. This appeal by Liborius followed.

*Discovery Sanctions*

First, Liborius challenges the sanctions entered against him for his willful non-compliance with discovery. Absent a showing of abuse of discretion, the imposition of discovery sanctions is within the power of the district court and will not be reversed on appeal. *Young v. Johnny Ribeiro*

*Bldg., Inc.*, 106 Nev. 88, 92, 787 P.2d 777, 779 (1990). NRCP 37(b)(2) supports a district court's imposition of discovery sanctions in the form of dismissal, default, or attorney fees, provided, generally, that the non-compliance with discovery was willful. *Id.* at 92, 787 P.2d at 779. In imposing sanctions, a court must consider whether the sanction is justified or whether any lesser sanction would suffice. *Blanco v. Blanco*, 129 Nev. 723, 731, 311 P.3d 1170, 1175 (2013).

Liborius argues that the district court abused its discretion by imposing sanctions that substantially prevented him from participating in the division of the parties' community estate.[1] To the contrary, Liborius, an experienced attorney in the State of Nevada, was afforded ample opportunity and failed to comply with his discovery obligations. Indeed, two discovery commissioners, one special master, and one district judge all found that Liborius engaged in bad faith discovery misconduct despite multiple extensions and opportunities allotted for him to comply. Thus, we conclude the district court did not abuse its discretion by striking Liborius' pleadings and entering a default against him based on his continued and willful failure to comply with his discovery obligations. *See Foster v. Dingwall*, 126 Nev. 56, 65-66, 227 P.3d 1042, 1048-49 (2010). Accordingly, we affirm the district court's discovery sanction against Liborius.

---

[1]Liborius argues he is entitled to a heightened standard of review of the imposed sanctions because the sanctions essentially amounted to a dismissal of his case with prejudice. We reject this contention. At trial, Liborius was allowed to present evidence that he actually produced during discovery after his pleadings were stricken and a default was entered against him.

*Lump Sum Spousal Support*

Second, Liborius contends the district court abused its discretion in awarding Kelechi lump sum spousal support in the amount of $420,000 because he contends that the income disparity between the two parties is too slight to justify the award. We review spousal support awards for an abuse of discretion. *Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 918-19 (1996). Spousal support awards are purely discretionary pursuant to NRS 125.150(1)(a). *Blanco*, 129 Nev. at 732, 311 P.3d at 1176. The district court must look to the particular facts of an individual case, and on that basis, may award spousal support. *See Forrest v. Forrest*, 99 Nev. 602, 606, 668 P.2d 275, 278 (1983).

In awarding Kelechi spousal support, the district court properly applied the factors articulated by this court in *Sprenger v. Sprenger*, 110 Nev. 855, 859, 878 P.2d 284, 287 (1994) as well as those required for consideration under NRS 125.150(9): (1) Kelechi's pre-marriage career; (2) the parties' long term marriage of 27 years; (3) Liborius' level of education during the marriage; (4) Kelechi's degree of marketability; (5) Kelechi's ability to support herself after marriage; (6) whether Kelechi stayed at home with the parties' children during their marriage; and (7) all other awards Kelechi was to receive other than spousal and child support. The court concluded that Liborius' monthly income was at least twice as much as Kelechi's average monthly income. The district court also noted that during the marriage, Kelechi, at the expense of her own advancement as a nurse, supported Liborius in his educational and professional endeavors so he could build his legal practice while she cared for their family. On the basis of all these considerations, the district court did not abuse its discretion in granting an award of spousal support for Kelechi.

NRS 125.150(1)(a) provides that an award for spousal support may be ordered in installments or as a lump sum. The district court ordered Liborius to pay Kelecki a lump sum of $420,000 on the basis that Liborius was unlikely to pay Kelechi spousal support in the absence of a lump sum. The court pointed to Liborius' lack of candor and compliance with court orders, frequent international travel, and history of storing personal money in his clients' trust account to conclude that Liborius was not a trustworthy source regarding his finances. Considering all of the above, the district court was well within its discretion to award lump sum award for spousal support. *See Klabacka v. Nelson*, 133 Nev. 164, 178-79, 394 P.3d 940, 951-52 (2017) (finding a lump sum award of $800,000 to be appropriate); *Sargeant v. Sargeant*, 88 Nev. 223, 228, 495 P.2d 618, 621 (1972) (finding a lump sum appropriate where the party ordered to pay alimony may attempt to avoid paying by liquidating or gifting his assets). Accordingly, we affirm the lump sum spousal award.

*Attorney Fees Award*

Third, Liborius similarly challenges the award of $160,000 in attorney fees. We review awards for attorney fees for an abuse of discretion. *Miller v. Wilfong*, 121 Nev. 619, 622, 119 P.3d 727, 729 (2005). Under NRCP 37(b)(2), a court *must* award a party attorney fees incurred as a result of the other party's discovery violations. *See Nev. Power Co. v. Fluor Ill.*, 108 Nev. 638, 647, 837 P.2d 1354, 1360 (1992) (providing that such an award is limited to fees incurred because of those discovery violations). Courts *may* impose reasonable attorney fees in divorce cases pursuant to NRS 125.150(4). Pursuant to *Sargeant*, the court *may* also award attorney fees to a spouse on the basis of disparity in income to ensure an even playing field in the courtroom. 88 Nev. at 227, 495 P.2d at 621. In making an

Supreme Court
OF
Nevada

(O) 1947A

attorney fees award, the district court must consider the factors outlined in *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). *Blanco*, 129 Nev. at 733, 311 P.3d at 1176.

Here, the district court granted Kelechi's request for attorney fees in the amount of $160,000, finding approximately $114,000 of the $160,000 award attributable to fees and costs incurred as a direct result of Liborius' lack of cooperation in the discovery process and misconduct throughout the divorce proceedings. We conclude that Kelechi was entitled to an award of attorney fees incurred in defending against Liborius' discovery abuses. *See Nev. Power Co.*, 108 Nev. at 647, 837 P.2d at 1360. Additionally, we find that the district court did not abuse its discretion in awarding attorney fees based on income disparity in conformance with NRS 125.030, 125.150(4), and *Sargent*, 88 Nev. at 227, 495 P.2d at 621, and in consideration of NRS 125.150(4). Furthermore, the court considered the *Brunzell* factors as required in awarding attorney fees. 85 Nev. at 349, 455 P.2d at 33. Thus, we conclude the district court's award of attorney fees was not an abuse of discretion and affirm the award of attorney fees.

*Reimbursement Award for Unauthorized Gifts to Third Parties*

Fourth, Liborius challenges the district court's imposition of an award for $36,960 to reimburse Kelechi's community share of the estimated $73,920 that Liborius transferred to third parties using community funds. We review a district court's division of community property for an abuse of discretion. *Wolff*, 112 Nev. at 1359, 929 P.2d at 918-19. "This court's rationale for not substituting its own judgment for that of the district court, absent an abuse of discretion, is that the district court has a better opportunity to observe parties and evaluate the situation." *Id.* at 1359, 929 P.2d at 919.

Liborius claims the reimbursement award was an abuse of discretion because the unauthorized gifts he tendered to third parties were for the payment of child support from another relationship. However, Liborius failed to provide any evidence to support this contention. The district court found that Liborius impermissibly withheld evidence of money transfers of community funds he made to third parties. Based on the above, we conclude Liborius fails to demonstrate the district court abused its discretion by finding Liborius' transfers of community funds amounted to martial waste and by awarding Kelechi reimbursement of her community share in the transferred funds. Accordingly, we affirm the reimbursement award.

*Nigerian Assets*

Finally, Liborius claims that the division of the parties' community estate improperly included the parties' Nigerian assets.[2] We review a district court's division of community assets for abuse of discretion. *See Wolff*, 112 Nev. at 1359, 929 P.2d at 918-19. Liborius presents this argument as a jurisdictional issue and argues that his claims regarding the division of Nigerian property should be reviewed de novo because issues of jurisdiction are reviewed de novo. *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). However, the district court never purported to have control over the property in Nigeria. Rather, the district court asserted

---

[2]Liborius also challenges the district court's use of an appraisal of Nigerian property provided by Kelechi. We find the court was within its discretion to prevent Liborius from introducing witnesses that he did not timely notice to Kelechi who would have presented alternative appraisals of the Nigerian property. *Foster v. Dingwall*, 126 Nev. 56, 65-66, 227 P.3d 1042, 1048-49 (2010). The court was within its discretion to limit the testimony produced at trial because a default was entered against Liborius. *Id.*

personal jurisdiction over *him*, as the plaintiff and a long-time resident of Nevada. *See* NRS 125.020(2). In dividing the community estate between the parties, the district court simply placed the value of the Nigerian assets in Liborius' proverbial column of community assets. Liborius' challenge, then, is ultimately not to the jurisdiction of the court but over a disagreement with how the district court divided the community estate. Therefore, abuse of discretion applies. *Wolff*, 112 Nev. at 1359, 929 P.2d at 918-19.

When equalizing the parties' community estate, the district court credited Liborius with the community assets in Nigeria, and offset their value when equalizing the parties' community estate in the United States. In doing so, the court exercised its discretion to divide the community estate of the parties in line with the equalization principles of NRS 125.150(1)(b), and we affirm the district court's division of the parties' community estate.

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Vincent Ochoa, District Judge
Ara H. Shirinian, Settlement Judge
Mills, Mills & Anderson
George R. Carter & Associates
Fine Carman Price
Eighth District Court Clerk